IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| MELVIA MICHELLE MURRAY | * | Case No.: 18-21976 NVA |
| Debtor | * | (Chapter 13) |
| | * | |

**OBJECTION TO AMENDED CLAIM 6 OF NJCC FUND #5 TRUST AND NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3007-1**

Melvia Michelle Murray (hereinafter "Debtor"), by undersigned counsel, pursuant to Local Bankruptcy Rule 3007-1, files this Objection to Amended Claim 6 of NJCC FUND #5 TRUST also known as NJCC FUND #5 TRUST, BY U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE (hereinafter the "Claimant") and as grounds therefore states that:

1. On September 10, 2018, Debtor filed a petition for relief under 11 U.S.C. Chapter 13[1].

2. The relief sought herein arises under 11 U.S.C. §502 and Federal Rule of Bankruptcy Procedure 3007.

3. This Court has jurisdiction to determine the relief sought herein pursuant to 28 U.S.C. §§1334(b) and 157(b).

4. On November 16, 2018, the Claimant filed Claim 6, including Official Form 410, the Mortgage Proof of Claim Attachment and supporting documents (collectively referred to as the "Claim").

5. On January 25, 2019, the Debtor filed the Objection to Claim 6 of NJCC Fund #5 Trust (the "Original Objection"). [Docket No. 42].

1

6. On March 13, 2019, the Claimant filed the Amended Claim 6, including Official Form 410, the Mortgage Proof of Claim Attachment and supporting documents (collectively referred to herein as the "Amended Claim"). [Amended Claim 6].

7. On March 21, 2019, this Court entered the Order Sustaining the Debtor's Objection to Claim 6 of NJCC Fund #5 Trust (the "Order"), in part, disallowing FC Fees and FC Costs in the amounts of $1,552.00 and $2,060.00 and allowing a pre-petition arrearage claim to the Claimant in the amount of $35,456.30. [Docket No. 52].

8. On March 28, 2019, the Claimant filed NJCC'S Motion for Partial Reconsideration of Order Granting Objection to Claim 6 of NJCC Fund #5 Trust ("NJCC'S Motion for Partial Reconsideration"). [Docket No. 54].

9. On April 11, 2019, the Debtor filed the Response to NJCC'S Motion for Partial Reconsideration ("Debtor's Response to NJCC's Motion"). [Docket No. 62].

10. The Amended Claim includes the FC Fees and the FC Costs, in part, as follows:

| 10/3/2017 | FC Costs | $485.00 |
| 10/3/2017 | FC Fees | $500.00 |
| 11/1/2017 | FC Costs | $210.00 |
| 11/1/2017 | FC Fees | $500.00 |
| 8/13/2018 | FC Fees | $500.00 |
| 8/13/2018 | FC Fees | $560.00 |
| 8/13/2018 | FC Costs | $150.00 |
| 8/13/2018 | FC Costs | $652.00 |

---

[1] Unless otherwise noted, all statutory citations are to the Bankruptcy Code ("Code") found at Title 11 of the United States Code.

| 8/22/2018 | FC Costs | $55.00 |

11.     The Debtor objects to the Amended Claim for the same reasons set forth in the Debtor's Original Objection.  The objections to claim contained in the Original Objection are incorporated herein by reference.

12.     The Debtor further objects to the Amended Claim for the same reasons set forth in Debtor's Response to NJCC's Motion.  The responses contained in Debtor's Response to NJCC's Motion are incorporated herein by reference.

13.     As a result of the filing of the Original Objection, under section 502(b), the Court was required to "determine the amount of such claim … as of the date of filing of the petition and shall allow such claim in such amount …." 11 U.S.C. § 502(b).

14.     Pursuant to the Order, this Court determined that the FC Costs in the amounts of $485.00, $210.00, $150.00, $652.00 and $55.00 totaling $1,552.00 and the FC Fees in the amounts of $500.00, $500.00, $500.00 and $560.00 totaling $2,060.00 be disallowed. [2]

15.     This Court further determined that the allowed amount of the Claimant's pre-petition arrearage claim be in the amount of $35,456.30.[3]

16.     Despite the filing of NJCC'S Motion for Partial Reconsideration, the Claimant has not met its burden[4] to show cause to reconsider the Order under Fed. R. Bankr. P. 3008[5] and 11 U.S.C. §502(j)[6].

---

[2] Order Sustaining Debtor's Objection to Claim 6 of NJCC Fund #5 Trust [Docket No. 52, page 1 of 2].
[3] *Id*.
[4] The burden of showing cause for reconsideration is on the movant.  See *Cassell v. Shawsville Farm, Supply, Inc*. 208 B.R. 380, 382 (W.D. Va. 1996).

[5] A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.  The court after a hearing on notice shall enter an appropriate order.  Fed. R. Bankr. P. 3008.

[6] A claim that has been allowed or disallowed may be reconsidered for cause.  11 U.S.C. § 502(j).

17. The Order, disallowing the FC Costs and the FC Fees and allowing a pre-petition arrearage claim, in the amount of $35,456.30, is a final judgment on the merits by this Court and is a predicate for res judicata.

> Res judicata applies where three conditions are met: (1) there is a prior judgment, which was final, on the merits, "and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) the parties to the second matter are identical to, or in privity with, the parties in the first action; and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding."

*LVNV Funding, LLC v. Harling*, 852 F.3rd 367, 371 (4th Cir. 2017) (quoting *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015)).

WHEREFORE, Debtor respectfully requests an order determining that:

A. The Order Sustaining the Debtor's Objection to Claim 6 of NJCC Fund #5 Trust, entered by this Court on March 21, 2019, be sustained; and

B. For such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/ Shawn W. Carter
Shawn W. Carter #26380
807 N. Calvert Street, 2nd Floor
Baltimore, MD 21202
(410) 837-3570
(410) 837-3572 (fax)
admin@swcarterlaw.com
Attorney for Debtor

**NOTICE TO CLAIMANT**

PURSUANT TO LOCAL BANKRUPTCY RULE 3007-1, WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM; AND AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of June, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Objection to Amended Claim 6 of NJCC FUND #5 TRUST and Notice Pursuant to Local Bankruptcy Rule 3007-1 will be served electronically by the Court's CM/ECF system on the following:

- Nancy Hope J.R. Blocton, Esq.    bankruptcy@bww-law.com
- David A. Rosen, Esq.    darosen@rascrane.com
- Nancy Spencer Grigsby, Chapter 13 Trustee    grigsbyecf@ch13md.com

I hereby further certify that, on the 14th day of June, 2019, a copy of the Objection to Amended Claim 6 of NJCC FUND #5 TRUST and Notice Pursuant to Local Bankruptcy Rule 3007-1 was also mailed first class mail, postage prepaid as follows:

NJCC FUND #5 TRUST,
BY U.S. BANK NATIONAL ASSOCIATION
Serve on: US Bank Trust, N.A.
300 Delaware Avenue, 9th Floor
Wilmington, DE 19801

NJCC FUND #5 TRUST
c/o Selene Finance, LP
9990 Richmond Avenue, Suite 400 South
Houston, TX 77042

Erin Elam
Authorized Agent for Secured Creditor,
RAS Crane, LLC
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097

Hope Blocton, Esq.
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

By certified & first class mail
NJCC FUND #5 TRUST,
BY U.S. BANK NATIONAL ASSOCIATION
Serve on: Andrew Cecere,
President and CEO
425 Walnut Street
Cincinnati, OH 45202-3923

/s/ Shawn W. Carter
Shawn W. Carter

5